UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

READERLINK DISTRIBUTION
SERVICES, LLC,

                Plaintiff,                    No:

                vs.

PUBLIX SUPER MARKETS, INC.

                Defendant.

_____/

## COMPLAINT

Plaintiff, Readerlink Distribution Services, LLC ("Readerlink"), sues Defendant, Publix Super Markets, Inc. ("Publix") and alleges as follows:

## NATURE OF CLAIM

1.    This is an action for breach of contract arising out of Publix improperly claiming nearly $5,000,000 in unauthorized deductions in breach of a contract with Readerlink.

## THE PARTIES, JURISDICTION, AND VENUE

2.    Readerlink Distribution Services, LLC is an Illinois limited liability company with its principal place of business in Oak Brook, Illinois. Readerlink's sole member is Readerlink, LLC. Readerlink, LLC is an Illinois limited liability company with its principal place of business in Oak Brook, Illinois. Readerlink, LLC's members are the Dennis E. Abboud Trust and The Dennis E. Abboud Family Trust. The Dennis E. Abboud Trust is an Illinois trust, and its trustee is Dennis E.

Abboud, who is domiciled in, and a citizen of, the State of Illinois.  The Dennis E. Abboud Family Trust is an Illinois trust, and its trustees are Mary Kathleen Abboud and Cumberland Trust and Investment Company.  Mary Kathleen Abboud is domiciled in, and a citizen of, the State of Illinois.  Cumberland Trust and Investment Company is a national banking corporation organized and existing under the laws of the State of Tennessee, with its principal place of business in Nashville, Tennessee.

3.     Publix is a Florida corporation with its principal place of business located in Lakeland, Florida.

4.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a)(1) and (c)(1) because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5.     Venue is proper in this Court pursuant to 28 U.S.C. 1391 because Publix resides in this judicial district and a substantial part of the events or omissions giving rise to Readerlink's claim alleged herein occurred in this judicial district.

## GENERAL ALLEGATIONS

6.     Readerlink is a full line distributor of hardcover, mass-market and trade paperback books, bargain books, and children's coloring books, activity books and storybooks.

7.     Publix operates more than 1,300 retail grocery stores throughout the Southeast United States.

8.    On January 13, 2016, Readerlink and Publix entered into a Book Supply Agreement for Readerlink to supply Publix with book products for Publix's retail stores.  A copy of the Book Supply Agreement (the "Agreement") is attached as Exhibit A.

9.    Readerlink's role with Publix consisted of curating Publix's product assortment, providing vendor managed inventory services, managing open-to-buys, piece-picking orders, shipping directly to stores, providing physical merchandising services, and co-op advertising solicitations, collections, and remittances.

10.    Readerlink, through its third-party service company, TNG Merchandising Services and its successor(s)-in-interest ("TNG"), further worked with Publix to facilitate the marketing and physical merchandising of books for sale by Publix to customers and the return of unsold or slow-moving books to Readerlink for credit against future purchases.

11.    These Readerlink services were intended to maximize Publix's store sales, reduce aged inventory, and enable Publix's book departments to be relevant to customers.

12.    Pursuant to the Agreement, Publix was permitted to "return, for full credit from Readerlink, all Product sold to [Publix] by Readerlink under this Agreement. [Publix] shall take appropriate credits … for returned Product … ***after the Product is returned to Readerlink***." (Emphasis added). Ex. A, p.1.

13.    The established procedure for returning the product was for Readerlink's third-party service company, TNG, to remove slow-moving book product from the shelves for Publix, then present the product (intended to be returned to Readerlink) to Publix store personnel, who were responsible for scanning or checking out the product in order for Publix to take credits (*i.e.*, payment deductions) for each returned book.

14.    Publix store personnel were then responsible for returning the books they scanned out as returns by boxing them up, placing a store-specific shipping label ("SSRL") previously provided by Readerlink with each shipment of books into Publix, on the box, filling out the SSRL with the appropriate number of books being returned, and finally tendering the boxed books for return to the designated carrier (the "Carrier") to deliver to Readerlink's return centers. *See* the return procedures implemented by Publix for Readerlink books attached as Exhibit B.

15.    Each SSRL, which has a Carrier tracking number associated with it, would allow books conveyed by Publix to the Carrier to be tracked, with Publix store specificity, to Readerlink's return facilities.

16.    The agreed upon process was that once Publix scanned out the books and provided them to the Carrier for return as set forth above, Publix was then permitted to take credits for the returns, by deductions from amounts otherwise owed to Readerlink, for books it purchased.

17.    These bulk deductions by store, and not by book title, for books Publix thereby claimed it had returned, were reflected on Publix's reduced electronic payment remittances.

18.    Upon Readerlink's receipt of returned books in the Readerlink return centers, Readerlink would process the received returns, issuing a credit to the Publix account receivable that should have corresponded to the deductions from payments taken by Publix.

19.    Publix is in breach of the Agreement by taking deductions for books that it never returned to Readerlink in accordance with the Agreement.

20.    A comparison of the returned books received by Readerlink from Publix to amounts deducted by Publix from amounts due Readerlink, revealed nearly $5,000,000.00 in improper return deductions taken by Publix for books that Readerlink never received.  A summary of the discrepancy by store from October 1, 2019 through November 22, 2022 for improper and unauthorized return deductions is attached hereto as Exhibit C.

21.    Specifically, between October 1, 2019 through November 22, 2022, Publix deducted, from amounts otherwise owed to Readerlink, a total amount of $13,028,972.68 in claimed return credits across more than a thousand Publix stores.

22.    Of the $13,028,972.68 in books Publix deducted as return credits, Readerlink only received $8,071379.41 in books as returns, resulting in unauthorized return credits claimed against, and unauthorized deductions from,

invoices owed to Readerlink by Publix in the amount of $4,957,593.27 from October 1, 2019 through November 22, 2022.

23.    Publix store personnel have acknowledged to Readerlink personnel that, in certain instances, they did not ship the deducted return product back to Readerlink in accordance with the approved procedures, did not always use the correct claim number or store-specific return label to allow for matching individual deductions to Readerlink's returns processing, and that the book product was either destroyed or donated after Publix claimed and deducted return credits.

24.    The dealings and Agreement between Readerlink and Publix involve extensive or complicated accounts and over 85,000 transactions.

25.    Despite repeated requests, Publix has refused to provide Readerlink with basic data substantiating its returns including, but not limited to, proof of delivery of the books to a Carrier for return to Readerlink, title level detail for each book for which Publix claimed and deducted return credits from Publix's payments to Readerlink, and point-of-sale data to substantiate what it deducted as books returned compared to books it sold.

26.    Readerlink has retained the undersigned law firm and is obligated to pay a reasonable legal fee for the services its attorneys and legal professionals have rendered to Readerlink in connection with the causes of action set forth herein.

27.    All conditions precedent to the filing of this action have occurred, have been performed, or have otherwise been fulfilled, or their performance has been excused or waived.

## COUNT I – Breach of Contract

28.    Readerlink incorporates and realleges the allegations in paragraphs 1 through 27 above, as if fully set forth herein.

29.    This is an action for breach of the Agreement against Publix.

30.    On or about January 13, 2016, Readerlink and Publix entered the Agreement.

31.    Pursuant to the Agreement, Publix was permitted to take credit for the book products that it returned to Readerlink and to deduct such credits from payments otherwise due Readerlink.

32.    Publix materially breached the Agreement by deducting, for credit, book products that were never returned to Readerlink.

33.    As a result of Publix's breach of the Agreement, Readerlink has suffered damages.

WHEREFORE, Readerlink Distribution Services, LLC, demands judgment against Publix Super Markets, Inc. for damages, together with interest, reasonable costs and attorneys' fees, and such other relief as the Court deems just and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Readerlink demands a jury in this action on all issues so triable.

This 8th day of May, 2023.

Respectfully Submitted,

**BERGER SINGERMAN LLP**
*Attorneys for Plaintiff*
201 East Las Olas Blvd., Suite 1500
Fort Lauderdale, Florida 33301
Telephone: (954) 525-9900
Facsimile:  (954) 523-2872

By:  */s/ Nicole Levy Kushner*
      Nicole Levy Kushner
      Florida Bar No. 106995
      nkushner@bergersingerman.com
      sprince@bergersingerman.com
      Brittany N. Husk
      Florida Bar No. 1031526
      bhusk@bergersingerman.com
      DRT@bergersingerman.com


 and


**NEAL GERBER EISENBERG LLP**
*Attorneys for Plaintiff*
Two North LaSalle Street, Suite 1700
Chicago, IL  60602-3801201
Telephone: (312) 269-8039
Facsimile:  (312) 578-4947

By:  */s/ Robert Radasevich*
      Robert Radasevich (*pro hac vice*
      forthcoming)
      Illinois Bar No. 6180383
      *rradasevich@nge.com*
      *Attorneys for Plaintiff*

8